IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CHRISTOPHER D. JONES                                                              PLAINTIFF

v.                                         Civil No. 6:20-CV-06030

OFFICER TREJO (ADC Ouachita River                                                DEFENDANT
Correctional Unit)

## OPINION AND ORDER

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Currently before the Court is Defendant Trejo's Motion for Summary Judgment. (ECF No. 29).

## I. BACKGROUND

Plaintiff filed his Complaint in the Eastern District of Arkansas on February 25, 2020. (ECF No. 2). It was transferred to this District on March 3, 2020. (ECF No. 4). On March 4, 2020, the Court entered an Order directing Plaintiff to file an Amended Complaint, which Plaintiff did on March 23, 2020. (ECF Nos. 7, 9). In his Amended Complaint, Plaintiff alleges that on January 27, 2020, Defendant Trejo assaulted him while he was incarcerated in the Arkansas Division of Correction[1] ("ADC") Ouachita River Unit. (ECF No. 9 at 7).

On May 11, 2020, Plaintiff filed a Notice of Grievance Exhaustion. (ECF No. 11). In this document, Plaintiff attaches a copy of Grievance SNN20-00054. The Grievance appeal response by Rory Griffin states that the grievance was untimely filed, therefore he would not address the merit of Plaintiff's appeal. (*Id*. at 2). In his Notice, Plaintiff states:

---

[1] The Arkansas Department of Correction was reorganized in 2019 to become the Arkansas Department of Corrections. The new Department is a Cabinet level department within the Arkansas State Government which includes the Division of Correction and the Division of Community Correction.

1

> You will see in the closing statements of Director Rory Giffin, clearly saying I have merit, but will not address it. When he says "Therefore, I will not address the merit of your appeal, due to it being untimely, not non-grievable. Also, so the Courts won't dismiss for non-exhaustion. Also, they transferred me from Malvern the next day, an obstacle for me to grieve timely, but its just a copout. I'm also asking the Courts to excuse the untimely Decision of my grievance. Please and thank you.

(*Id*. at 1).

Defendant Trejo filed his Motion for Summary Judgment on January 19, 2021. (ECF No. 29). On January 20, 2021, the Court entered an Order directing Plaintiff to file his Response. (ECF No. 32). Plaintiff filed his Response, Statement of Facts, and Reply on February 1, 2021. (ECF Nos. 36, 37, 38).

## II. LEGAL STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *National Bank of Commerce v. Dow Chemical Co.*, 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *National Bank*, 165 F.3d at 607 (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id*. (*citing, Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not

adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### III. ANALYSIS

Defendant Trejo argues that summary judgment in his favor is appropriate for three reasons: 1.) sovereign immunity bars Plaintiff's claim for monetary relief from Trejo in his official capacity; 2.) Plaintiff's sole grievance concerning the incident (SNN20-00054) was filed untimely and rejected for that reason at both the unit level and the appeal level. Thus, Plaintiff failed to exhaust his administrative remedies against Trejo before filing this lawsuit; and 3.) the force Trejo used against Plaintiff was reasonable, therefore Trejo did not violate Plaintiff's constitutional rights and is protected by qualified immunity. (ECF No. 30 at 1, 12-14).

Plaintiff first argues that he exhausted his administrative remedies against Defendant Trejo; (ECF No. 36 at 13 ¶ 66). Next, he argues he filed his grievance after the fifteen-day post-incident deadline because he did not know that Saturday and Sunday were counted in the day calculation, (*Id*. at 16 ¶ 81) and because he was moved to another ADC Unit a day or two after the incident, and did not know that he could file a grievance about one ADC Unit while housed in another ADC Unit. (*Id*. at 17 ¶ 85). Later in his Response he agrees that he did *not* exhaust SNN20-00054. (*Id*. at 24 ¶ 113 ). In his earlier Notice of Grievance Exhaustion, he asks the Court to "excuse the untimely Decision of my grievance." (ECF No. 11). In his Reply to the summary judgment motion, he appears to be asking the Court to set aside the affirmative defense of exhaustion, because the defense is prejudicial to his case. (ECF No. 38 at 2). Plaintiff also raises several arguments concerning the reasonableness of the force used against him. (ECF No. 36).

### A. Official Capacity Claim

Plaintiff's official capacity claim against Defendant Trejo is subject to dismissal. States and state agencies are not "persons" subject to suit under § 1983. *Howlett v. Rose,* 496 U.S. 356

(1990); *Will v. Mich. Dept. of State Police*, 491 U.S. 58 (1989); *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). "This bar exists whether the relief sought is legal or equitable." *Williams v. Missouri,* 973 F.2d 599, 599-600 (8th Cir. 1992) (citing *Papasan v. Allain,* 478 U.S. 265, 276 (1986)). "Congress did not abrogate constitutional sovereign immunity when enacting the law that was to become section 1983." *Burk v. Beene*, 948 F.2d 489, 493 (8th Cir. 1991) (citing *Quern v. Jordan,* 440 U.S. 332, 342 (1979)). "A suit against state employees in their official capacities is the functional equivalent of a suit against the State." *Zajrael v. Harmon*, 677 F.3d 353, 355 (8th Cir. 2013). As Defendant Trejo is an employee of the ADC, Plaintiff's official capacity claims against him are subject to dismissal.

### B. Failure to Exhaust Administrative Remedies

Based on the summary judgment record before the Court, it is clear Plaintiff failed to exhaust his administrative remedies against Trejo for the encounter on January 27, 2020.

The Prison Litigation Reform Act ("PLRA") mandates exhaustion of available administrative remedies before an inmate files suit. Section 1997e(a) of the PLRA provides: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S. C. § 1997e(a).

In *Jones v. Bock*, 549 U.S. 199 (2007), the Supreme Court concluded that "exhaustion [as required by the PLRA] is not *per se* inadequate simply because an individual later sued was not named in the grievances." *Id.* at 219. "[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules." *Id.* at 218 (internal quotation marks and citation omitted). The Court stated that the "level of detail necessary in a grievance to comply with the grievance procedures will vary from system

4

to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.*

The Eighth Circuit Court of Appeals has recognized only two exceptions to the PLRA exhaustion requirement: (1) when officials have prevented prisoners from utilizing the grievance procedures, or (2) when the officials themselves fail to comply with the grievance procedures. *See Gibson v. Weber,* 431 F.3d 339, 341 (8th Cir. 2005) (explaining a prisoner is only required to exhaust those administrative remedies that are "available" and any remedies that prison officials prevent a prisoner from utilizing are not considered available).

It is undisputed that Plaintiff's sole grievance concerning the encounter with Trejo on January 27, 2020, is SNN20-00054. This grievance was untimely filed after the post-incident fifteen-day deadline had elapsed, and was rejected at both the unit and appeal level for that reason. (ECF No. 29-5). Plaintiff argued in his grievance appeal that the ADC grievance policy states the deadline is fifteen working days. This argument was addressed and rejected by the ADC. (*Id*. at 6). A review of the grievance policy in question clearly indicates that an inmate must file a grievance within fifteen days after a grievable incident. There is no mention of working days in the policy text for this deadline. (ECF No. 29-4 at 6). Likewise, the policy both permits and outlines the procedure for filing a grievance about an ADC unit after a transfer from that unit. (*Id*. at 9).

Plaintiff's mistaken beliefs concerning the ADC grievance policy, including the inclusion of working days in the deadline calculation and the inability to file a grievance after a unit transfer do not qualify for an exception to the PLRA exhaustion requirement. *See Lyon v. Vande Krole*, 305 F.3d 806, 809 (8th Cir. 2002*)* (a court is not permitted "to consider an inmate's merely

subjective beliefs, logical or otherwise, in determining whether administrative procedures are 'available.'").

Plaintiff also asks the Court to excuse his failure to exhaust his administrative remedies. The language of Section 1997e(a) of the PLRA is mandatory. *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016) (citing *Miller v. French*, 530 U.S. 327, 337 (2000). "[T]hat mandatory language means a court may not excuse a failure to exhaust, even to take . . . [special] circumstances into account." (*Id*.).

Accordingly, Plaintiff failed to exhaust his administrative remedies against Defendant Trejo for the encounter on January 27, 2020. As Plaintiff failed to exhaust his administrative remedies, it is unnecessary to address any arguments concerning the reasonableness of the force used against him.

## IV. CONCLUSION

For these reasons, IT IS ORDERED that Plaintiff's official capacity claims are DISMISSED WITH PREJUDICE.[2] It is FURTHER ORDERED that Plaintiff's individual capacity claims are DISMISSED WITHOUT PREJUDICE.[3]

IT IS SO ORDERED this 24th day of June 2021.

Judgment will be entered accordingly.

/s/ *Barry A. Bryant*
—————————————————
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

---

[2] Claims dismissed based on the doctrine of sovereign immunity are generally dismissed with prejudice. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (providing the doctrine of sovereign immunity prevents a plaintiff from obtaining monetary damages against state officials named in their official capacities); *but see Murphy v. State of Ark.*, 127 F.3d 750, 754 (8th Cir. 1997) (clarifying that sovereign immunity does not bar monetary damages against state officials in their individual capacities, or prospective injunctive relief against state officials in their official capacities).

[3] Claims that are dismissed for failure to exhaust administrative remedies should be dismissed without prejudice. *See Langford v. Norris*, 614 F.3d 445, 457 (8th Cir. 2010).